**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FRANKIE L. BROWN,        )
           )
        **Plaintiff,**    )
           )     **Case No. 1:22-cv-277**
        **v.**        )
           )
**STATE CORRECTIONAL**    )
**INSTITUTION - ALBION, et al.,**    )
           )
        **Defendants.**   )

## MEMORANDUM ORDER

In this counseled prisoner civil rights action, Plaintiff Frankie L. Brown has filed claims under 42 U.S.C. §1983 and Pennsylvania common law against the Pennsylvania Department of Corrections ("DOC"), the State Correctional Institution at Albion ("SCI-Albion"), Michael Clark, the former Superintendent at SCI-Albion, Jerri Smock, the Correctional Health Care Administrator ("CHCA") at SCI-Albion (collectively, "DOC Defendants"), Dr. Max Gottesman, Wellpath, LLC (f/k/a Correct Care Solutions, LLC), Dr. Lisa Baird, a Wellpath employee, Corizon Health of Pennsylvania, LLC, Corizon Health, Inc., and multiple "John Doe" and "ABC Corporation" Defendants.  Plaintiff's operative pleading at this point is the Amended Complaint, which sets forth three causes of action.  ECF No. 55.  His claims stem from allegedly deficient medical care which he received between May 2020 and July 2021, when he was incarcerated at SCI-Albion.  In general, Plaintiff alleges that he experienced Dilantin toxicity after medical staff administered Dilantin at too high a level.  He claims that the overdose resulted in neurological deficits that made it difficult for him to ambulate safely.  Additionally, Plaintiff claims he was denied assistive devices and proper therapy that were necessary for his recovery.

Plaintiff's Amended Complaint sets forth three causes of action.  In Count I, he asserts an Eighth Amendment claim against Smock, Clark, Wellpath, and Dr. Baird based on their alleged deliberate indifference to his serious medical needs.  In Count II, Plaintiff asserts a negligence claim against all Defendants.  In Count III, he asserts a corporate negligence claim against Wellpath, SCI-Albion, the DOC, Smock, and Clark. *Id.*

The DOC Defendants have moved to dismiss the claims against them pursuant to Rule 12(b)(6).  ECF No. 57.  The motion has been briefed and is ripe for adjudication. ECF Nos.  58, 63.  The matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for a Report and Recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

On November 8, 2023, Judge Lanzillo issued an R&R in which he concluded that the DOC Defendants' motion should be granted but with leave for Plaintiff to amend certain claims. As to Count I, Judge Lanzillo found that the Amended Complaint failed to allege facts that would show Clark's or Smock's personal involvement in Plaintiff's medical care, or in any conduct that could be considered deliberately indifferent to Brown's serious medical needs. Judge Lanzillo recommended that the Court allow Plaintiff to replead these claims, as he did not consider them futile.

As to Count II, Judge Lanzillo concluded that the negligence claims against the DOC Defendants are barred by the doctrine of sovereign immunity.  First, he found that the DOC, SCI-Albion, and Superintendent Clark are not "health care employees" or "health care personnel" exempted from state sovereign immunity.  *See* ECF No. 66 at 16 (discussing 42 Pa. C.S. §8522(b)).  Next, Judge Lanzillo considered whether Smock would be exempted from sovereign immunity under these same categories in her capacity as prison the Correctional

Health Care Administrator for SCI-Albion.  Because he viewed her alleged role in Plaintiff's case to be purely administrative, as opposed to medical, Judge Lanzillo concluded that Smock, like the other DOC Defendants, was protected from suit by sovereign immunity.

Judge Lanzillo also concluded that no negligence claim had been stated against Smock on substantive grounds.  Construing Count II as a "professional liability claim," Judge Lanzillo opined that Plaintiff had failed to plausibly allege an independent duty of medical care on the part of Smock, or that she breached such a duty, which also precluded an inference of proximate causation of harm.  Although he found Count II deficient, Judge Lanzillo recommended that Plaintiff be given leave to replead this claim as against Smock -- and also against the DOC, inasmuch as the DOC could conceivably be vicariously liable under Pennsylvania law for any actionable negligence on the part of Smock.  *See* ECF No. 66 at 18; *id*. at n.6 (discussing 42 Pa C.S. §8522(b)(2)).

With respect to Count III, Judge Lanzillo recommended that the corporate negligence claim be dismissed as against all DOC Defendants.  Judge Lanzillo opined that Smock and Clark could not be individually liable under a corporate negligence theory and, additionally, Plaintiff has indicated his willingness to withdraw that claim as it relates to the DOC Defendants.

On November 22, 2023, Plaintiff filed counseled objections to the R&R.  ECF No. 69.  In his objections, Plaintiff takes issue with the Chief Magistrate Judge's recommendations relative to Counts I and II of the Amended Complaint.  He does not contest the dismissal of the DOC Defendants from Count III.

As an initial matter, the Court will adopt the Chief Magistrate Judge's recommendation that the corporate negligence claims against the DOC Defendants in Count III be dismissed with

prejudice.  As noted, Plaintiff does not appear to challenge this aspect of the Report and Recommendation.

With respect to the deliberate indifference claims in Count I, Plaintiff insists that he adequately pled Clark's and Smock's involvement in unconstitutional conduct.  His central allegation is that Smock and Clark were responsible for enacting an administrative policy that generally limited inmates' access to physical therapy during the Covid-19 pandemic.  He contends that the reasonableness of this policy can only be judged on a fully developed record after discovery.  Plaintiff also contends that Smock and Clark were deliberately indifferent in failing to ensure that he receive a neurological consult in a timely manner.

After *de novo* review, this Court agrees with Judge Lanzillo's analysis and recommendations as they relate to the Eighth Amendment claims in Count I.  In particular, the Court agrees that the Plaintiff's allegations are somewhat speculative regarding the Defendants' involvement in establishing the alleged policy and, in any event, a generally applicable Covid-19 policy does not demonstrate the Defendants' personal involvement in Plaintiff's medical care. Nor do Plaintiff's allegations about Smock demonstrate her knowledge and acquiescence in constitutionally deficient medical treatment.  To the extent Plaintiff argues that Clark and Smock violated the DOC's parameters for timely medical treatments as set forth in DOC Policy 13.2.1, Section 1(A)(6)(n), the Court notes that this policy was not referenced in the Amended Complaint, and Plaintiff may not amend his pleading via arguments raised in his objections to the R&R.  *See Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  The Court also notes that an official's "failure to adhere to a prison policy does not alone amount to a constitutional violation." *Watley v. Pike Cnty.*, No. 3:17-CV-

1539, 2018 WL 6018903, at *11 (M.D. Pa. Nov. 16, 2018).  In any event, Plaintiff makes no assertion that the cited policy would apply to Clark.  Finally, the Court agrees with the Chief Magistrate Judge's reasoning that no inference of deliberate indifference can be drawn from the Defendants' alleged involvement in enacting a Covid-19 policy that necessarily involved the balancing of competing medical risks during a world-wide pandemic.  Accordingly, the Eighth Amendment claims against the DOC Defendants will be dismissed, but the Court will grant Plaintiff leave to replead those claims.

With respect to the negligence claims in Count II, the Court will adopt Judge Lanzillo's recommendation that the claims against Superintendent Clark and SCI-Albion be dismissed with prejudice, as those claims are barred by Pennsylvania's Sovereign Immunity Act, 42 Pa. C.S. §§8521 *et seq.*  Plaintiff generally opposes the Chief Magistrate Judge's recommendations regarding Count II but, notably, he cites no law that would support exempting Superintendent Clark or SCI-Albion from sovereign immunity under the exception that applies to "health care employees" or "health care personnel."  *See id.* §8522(b)(2).  Accordingly, Plaintiff's objections on this point are not well-taken.

As it relates to Defendant Smock, the Court acknowledges authority cited by Plaintiff that suggests a CHCA may be considered a "health care employee" or "health care personnel" for purposes of a negligence claim.  *See, e.g., See Wareham v. Jeffes*, 564 A.2d 1314 (Pa. Commw. Ct. 1989); *William v. Syed*, 782 A.2d 1090, 1096 (Pa. Commw. Ct. 2001); *Watson v. Caleb*, No. 385 MDA 2019, 2019 WL 3763967, at *1 n. 2 (Pa. Super. Ct. Aug. 9, 2019).  But the Court also agrees with Judge Lanzillo that, as pled, the negligence claim contains overly broad allegations and insufficiently particular factual content to satisfy federal pleading standards.  Accordingly, the negligence claim against Smock will be dismissed with leave for Plaintiff to replead that

claim. Plaintiff will also be given leave to replead the DOC's liability for any negligence on the part of Smock under a vicarious liability theory. *See Cornish v. City of Phila.*, Civil Action No. 14-6920, 2015 WL 4931758, at *7 (E.D. Pa. Aug. 18, 2015) (recognizing *respondeat superior* liability under § 8522(b)(2) based on the acts of Commonwealth employees).

Accordingly, after *de novo* review of the documents in the case, including the Amended Complaint, the DOC Defendants' motion to dismiss and all filings related thereto, the Chief Magistrate Judge's R&R, and Plaintiff's objections to the R&R,

IT IS ORDERED, this 31st day of March, 2024, that the DOC Defendants' motion to dismiss the Amended Complaint, ECF No. [57], is GRANTED as follows:

1.  The negligence claims in Count II of the Amended Complaint against Defendants Clark and SCI-Albion are DISMISSED with prejudice;

2.  The corporate negligence claims in Count III of the Amended Complaint against Defendants Smock, Clark, the DOC, and SCI-Albion are DISMISSED with prejudice;

3.  The Eighth Amendment claims in Count I of the Amended Complaint against Defendants Smock and Clark are DISMISSED without prejudice; and

4.  The negligence claims in Count II of the Amended Complaint against Defendants Smock and the DOC are DISMISSED without prejudice.

IT IS FURTHER ORDERED that, **on or before April 22, 2024**, Plaintiff may replead his Eighth Amendment claims against Defendants Smock and Clark and his negligence claims against Smock and the DOC, along with any other surviving claims not addressed herein.  **In the event Plaintiff fails to file an amended pleading within the time frame allowed by this Memorandum Order, the dismissal of his Eighth Amendment claims against Defendants**

**Smock and Clark and the dismissal of his negligence claims against Defendant Smock and the DOC <u>will be converted to dismissals with prejudice, without further notice</u>.**

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief United States Magistrate Judge Richard Lanzillo on November 8, 2023, ECF No. [66], is hereby adopted as the opinion of this Court.  Plaintiff's objections to the Report and Recommendation, ECF No. [69], are OVERRULED.

SUSAN PARADISE BAXTER
United States District Judge