IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKIE L. BROWN,              )<br>                                            )<br>            Plaintiff,          )<br>                                            )   Case No. 1:22-cv-277<br>        v.                              )<br>                                            )<br>STATE CORRECTIONAL       )<br>INSTITUTION - ALBION, et al.,   )<br>                                            )<br>            Defendants.         ) | |

## MEMORANDUM ORDER

Plaintiff Frankie L. Brown is a former inmate at the State Correctional Institution at Albion ("SCI-Albion"), with a history of epilepsy. In this counseled lawsuit, Plaintiff sued numerous parties, including the Pennsylvania Department of Corrections ("DOC"), SCI-Albion, Michael Clark, the former Superintendent at SCI-Albion, and Jerri Smock, the Correctional Health Care Administrator ("CHCA") at SCI-Albion for alleged medical malpractice and violations of his Eighth Amendment rights. The aforementioned Defendants (collectively, the "DOC" Defendants) are named, along with others, in Plaintiff's Second Amended Complaint ("SAC"), ECF No. 71, which is the operative pleading. Plaintiff's principal allegation is that the Defendants negligently caused him to experience a Dilantin overdose, and then failed to provide him with the proper rehabilitation and assistive devices to recover from the overdose, resulting in significant injuries.

Pending before the Court is a motion by the DOC Defendants to dismiss the SAC. ECF No. 72. The claims against Michael Clark ("Clark") and SCI-Albion were previously dismissed; therefore, Clark and SCI-Albion are no longer parties to this case. Though they were technically named as Defendants in the SAC, Plaintiff asserted no allegations or claims against them. Thus,

1

the DOC Defendants' motion concerns only the claims directed against the DOC and Jerri Smock ("Smock") -- specifically Counts I and II of the SAC. In Count I, Plaintiff asserts an Eighth Amendment claim against Smock for deliberate indifference to his serious medical needs. In Count II, Plaintiff asserts a negligence claim against Smock and the DOC based on medical malpractice.

On October 29, 2025, Chief United States Magistrate Judge Richard A. Lanzillo issued a Report and Recommendation ("R&R"), suggesting that the DOC Defendants' motion should be denied as to the Eighth Amendment claim against Smock and granted as to the negligence claims against Smock and the DOC. Judge Lanzillo recommended that the latter claims be dismissed with prejudice, as further amendment would be futile.

Objections to the R&R were due on or before November 12, 2025. To date, no objections have been filed by any party.

Accordingly, after *de novo* review of the documents in the case, including the Second Amended Complaint, the DOC Defendants' motion to dismiss and all filings related thereto, and the Chief Magistrate Judge's R&R,

IT IS ORDERED, this 12th day of December 2025, that the DOC Defendants' motion to dismiss the Second Amended Complaint, ECF No. [72], is GRANTED in part and DENIED in part, as follows:

1. The motion is GRANTED as it relates to the negligence claims in Count II of the Amended Complaint against Defendants Smock and the DOC, and those claims are hereby DISMISSED with prejudice; and

2. The motion is DENIED as it relates to the Eighth Amendment claim in Count I against Defendant Smock.

IT IS FURTHER ORDERED that Defendant Smock shall file an answer to the Second Amended Complaint within twenty (20) days from the date of this Order, unless that time is otherwise extended by the Court.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief U.S. Magistrate Judge Richard A. Lanzillo on October 29, 2025, ECF No. [99], is adopted as the opinion of this Court.

SUSAN PARADISE BAXTER
United States District Judge