IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKIE L. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-277 |
| v. | ) |
| | ) |
| STATE CORRECTIONAL | ) |
| INSTITUTION - ALBION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In this counseled lawsuit, Plaintiff Frankie L. Brown, a former inmate at the State Correctional Institution at Albion ("SCI-Albion") with a history of epilepsy, sued numerous parties, including Wellpath, LLC ("Wellpath") and Lisa Baird, D.O. ("Dr. Baird"), for alleged medical malpractice and violations of his Eighth Amendment rights. The operative pleading at this juncture is Plaintiff's Second Amended Complaint ("SAC"). ECF No. 71. Plaintiff's principal allegation is that the Defendants negligently caused him to experience a Dilantin overdose, and then failed to provide him with the proper rehabilitation and assistive devices to recover from the overdose, resulting in significant injuries. In Count I of the SAC, Plaintiff asserts an Eighth Amendment claim against Wellpath and Dr. Baird (collectively, the "Medical Defendants") for deliberate indifference to his serious medical needs. In Count II of the SAC, Plaintiff asserts a negligence claim against the Medical Defendants. In Count III, he asserts a claim of corporate negligence against Wellpath only.

On May 7, 2024, the Medical Defendants filed a motion to dismiss the Eighth Amendment claim against Dr. Baird as well as any putative Eighth Amendment "*Monell*"- type claim that Plaintiff may be asserting against Wellpath. ECF Nos. 77, 78. The motion was

1

briefed and, thereafter, in November 2024, Wellpath filed a voluntary chapter 11 bankruptcy petition. ECF Nos. 84, 85, 86. This case was stayed during the pendency of the bankruptcy proceedings. It was later reopened after the bankruptcy court confirmed Wellpath's Chapter 11 plan and lifted the automatic stay. *See* ECF Nos. 87, 89, 91. Then, from August 26, 2025, to October 3, 2025, these proceedings were again stayed as the result of a cyber incident affecting the Pennsylvania Office of Attorney General. ECF No. 92. In the meantime, on October 1, 2025, the Medical Defendants had filed a renewed motion to dismiss or, in the alternative, motion for judgment on the pleadings, which was based on the release of claims effectuated by Wellpath's Chapter 11 bankruptcy plan. ECF Nos. 93, 94, 96. Plaintiff responded to the Medical Defendants' renewed motion on November 6, 2025. ECF No. 101. Presently, both the original motion to dismiss and the renewed motion to dismiss / motion for judgment on the pleadings remain pending before the Court. ECF Nos. 77, 93.

On November 10, 2025, Chief United States Magistrate Judge Richard A. Lanzillo issued a Report and Recommendation ("R&R"), suggesting that the Medical Defendants' renewed motion at ECF No. [93] should be granted and their initial motion to dismiss at ECF No. [77] should be dismissed as moot. *See* ECF No. [103]. Judge Lanzillo observed in his R&R that Plaintiff acknowledged having failed to preserve his claims against the Medical Defendants in accordance with the terms of Wellpath's Chapter 11 plan, with the result that those claims are now barred.

Objections to the R&R were due on or before December 1, 2025. To date, no objections have been filed by any party.

Accordingly, after *de novo* review of the documents in the case, including the Second Amended Complaint, the Medical Defendants' original and renewed motions to dismiss and

2

alternative motion for judgment on the pleadings, all filings related to those motions, and the Chief Magistrate Judge's R&R,

    IT IS ORDERED, this 12th day of December 2025, as follows:

1. The Medical Defendants' renewed motion to dismiss, filed at ECF No. [93], is GRANTED;

2. The Medical Defendants' alternative motion for judgment on the pleadings, filed at ECF No. [93], is DISMISSED as moot;

3. The Medical Defendants' original motion to dismiss, filed at ECF No. [77], is DISMISSED as moot; and

4. The claims against the Medical Defendants, as set forth in the Second Amended Complaint, ECF No. [71], are hereby DISMISSED WITH PREJUDICE, as further amendment of those claims would be futile.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief U.S. Magistrate Judge Richard A. Lanzillo on November 10, 2025, ECF No. [103], is adopted as the opinion of this Court.

 

_____
SUSAN PARADISE BAXTER
United States District Judge